### DUTCHER v. EMPIRE LEAGUE et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

BROKERS (§ 49*)—COMPENSATION—PERFORMANCE OF CONTRACT OF EMPLOYMENT —SUFFICIENCY.

Where plaintiff agreed to procure a person to make a building loan contract with defendant, if the contract procured by plaintiff was in accordance with the memorandum between himself and defendant as to the terms of the proposed contract, defendant cannot object that the contract procured was unreasonable and unconscionable.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 70–72; Dec. Dig. § 49.*]

Appeal from Municipal Court of New York.

Action by George G. Dutcher against the Empire League and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

George Tiffany, for appellants.
Stephen G. Thomas, for respondent.

GAYNOR, J. The plaintiff has recovered a judgment in the Municipal Court for his services in procuring a building loan of $15,000 for the defendant. That he procured a person ready to make the

building loan contract, and advance the money thereon, is not disputed, but the defendant refused to sign the contract when it had been prepared. It is claimed that it was not in accordance with the agreement between the plaintiff and the defendant. The learned counsel for the defendant not only addressed a lengthy oral argument to us on the subject, but also says in his brief that:

"A memorandum was made showing the terms on which plaintiff was willing to make the loan. See Defendant's Exhibit No. 6." ·

And he follows this by saying that:

"The contract which plaintiff should have drawn should have been drawn in accordance with the mem., Defendant's Exhibit 6, which was reasonable, and should certainly control as to the terms."

In the return to this court the papers, including the exhibits, are fastened together in a way to make it as difficult as possible to read them, and when after several efforts Defendant's Exhibit 6 is discovered and disconnected, it being so fastened in that it is impossible to read it, it is found to be nothing but the defendant's business card. It seems doubtful that any written memorandum was made between the plaintiff and the defendant, but it is scarcely in order to set such doubt up against the positive assertions to the contrary of the defendant's learned, careful and diligent counsel. Inasmuch as it does not appear what the terms of such memorandum were, it is impossible to say that the proposed building loan agreement which was submitted to the defendant was not in accordance with it. The point is also made and argued at great length that the said proposed agreement submitted was "unreasonable and unconscionable in the extreme," which justified the defendant in refusing to sign it. If it was in accordance with the preliminary memorandum between the plaintiff and the defendant, on which such stress is laid by the defendant's learned counsel, without looking to see that it is in the record, that disposes of the point. But if the objectionable clauses be looked at they seem to be such as are usual, and indeed necessary, in the making of loans to builders in order that the lender shall not be wronged by bad work and material and neglect to pay mechanics and materialmen.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.